UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES L. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-19-TLS |
| | ) | |
| TODD MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Todd Miller's Motion to Dismiss for Lack of Jurisdiction [ECF No. 10], filed on March 30, 2017. Plaintiff James L. Phillips filed a Pro Se Complaint [ECF No. 1] on January 20, 2017, in which he alleges that the Defendant harassed and cited him for "abandon [sic] vehicles, trash, garbage, rubbish, and nuisance." (Compl. 1, ECF No. 1.) In terms of relief, the Plaintiff requests his "fine money back, which is 3 hundred and fifty dollars," as well as the filing fee. (*Id.*) The Defendant moved to dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that the Complaint fails to invoke this Court's jurisdiction. In reply, the Plaintiff merely states, "I, James L. Phillips, don't want a dismissal." (Resp. 3, ECF No. 14.)

The Court must continuously monitor its subject-matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In this case, both parties are citizens of Indiana and the amount in controversy is below $75,000, so there does not appear to be diversity jurisdiction. Federal question jurisdiction exists when the Plaintiff's cause of action arises "under the Constitution, laws, or treaties of the United States."

28 U.S.C. § 1331. The Complaint does not raise a claim that arises under federal law or the United States Constitution and thus fails to invoke the Court's federal question jurisdiction. While a state court may be able to review his claims, this Court cannot because it lacks subject-matter jurisdiction over the claims alleged in the Plaintiff's Complaint.[1]

Therefore, the Court GRANTS the Defendant's Motion to Dismiss for Lack of Jurisdiction [ECF No. 10] and DISMISSES the Complaint. The Clerk is DIRECTED to close the case.

SO ORDERED on May 17, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Although the Defendant moved to dismiss this case with prejudice, such dismissal will not preclude the Plaintiff from pursuing an action in state court.